# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LATEEF AKANDE,

          Petitioner,

v.

WARDEN FIKES,

          Respondent.

Case No. 19-cv-1821 (NEB/TNL)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Lateef Akande's (1) petition for a writ of habeas corpus under 28 U.S.C. § 2241, Doc. No. 1 (Petition); and (2) Application to Proceed Without Prepayment of Fees, Doc. No. 2 (IFP Application). For the reasons discussed below, the Court recommends dismissing the Petition without prejudice and denying the IFP Application.

In 2014, Akande pleaded guilty in the U.S. District Court for the District of Maryland to four counts: (1) conspiracy to commit bank fraud, (2) bank fraud, (3) aggravated identity theft, and (4) money laundering. *See United States v. Akande*, 622 F. App'x 235, 236 (4th Cir. 2015). The district court imposed a 175-month prison sentence, to be followed by 60 months of supervised release. *See id.* Akande appealed and the Fourth Circuit affirmed. *See id.*

Akande is currently confined at the Federal Correctional Institution at Sandstone, Minnesota. When released, he will become subject to the supervised-release term imposed at sentencing. During supervised release, Akande will be subject to several conditions,

including, as relevant here, that he not commit another criminal offense; that he submit to periodic drug tests; that he report to his probation officer regularly; and that he submit to searches conducted by that officer. *See* Am. J. in a Criminal Case 3-4, *United States v. Akande*, Case No. 12-CR-0288 (D. Md. Dec. 2, 2014) (Amended Judgment); *cf.* 18 U.S.C. § 3583(d) (establishing supervised-release conditions). If Akande violates his supervised-release conditions, he may have "to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision[.]" 18 U.S.C. § 3583(e)(3).

Akande filed a petition for a writ of habeas corpus challenging the supervised-release term imposed in his criminal case.[1] *See* 28 U.S.C. § 2241. He argues that, following the United States Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), any revocation of his supervised release and subsequent imposition term of imprisonment will violate his constitutional rights. *See* Pet. 3–4. This Petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In *Haymond*, the United States Supreme Court considered whether 18 U.S.C. § 3582(k), a provision of the supervised release statute that applied to certain offenses, infringed on a defendant's Fifth and Sixth Amendment rights by a judge, "acting without a jury and based only on a preponderance of the evidence," to impose "new punishment in

---

[1] Though the Petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases still apply to it. *See* Rule 1(b).

2

the form of a prison term" that increased "the legally prescribed range of allowable sentences" simply because the defendant violated the terms of his or her supervised release. 139 S. Ct. 2369, 2379. Justice Neil Gorsuch, writing for four justices, concluded that it did, explaining that "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id*. at 2380 (emphasis removed).

Justice Breyer concurred in the judgment. He explained that three aspects of § 3583(k), when "considered in combination," made that provision "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach":

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id*. at 2386. (Breyer, J., concurring) (alterations in original). Because of these three factors, Justice Breyer determined that § 3583(k) violated criminal defendants' constitutional rights. *Id*. He therefore concluded that the rights "that attend a new criminal prosecution," including a jury trial where the burden is on the Government to prove the violation beyond a reasonable doubt, must be provided to a defendant before the mandated § 3583(k) prison term could be imposed. *Id*. Unlike Justice Gorsuch's opinion, however, Justice Breyer's reasoning would not extend to any other provisions that impose a mandatory minimum term of imprisonment upon a supervised-release revocation without giving the defendant

3

the right to a hearing before a jury to determine, beyond a reasonable doubt, whether the relevant supervised-release condition had been violated. Instead, his reasoning would relate only to § 3583(k).

Formally, because it is limited to the constitutionality of § 3583, Justice Breyer's opinion in *Haymond* is controlling. *See United States v. Bailey*, 571 F.3d 791, 798 (8th Cir. 2009) ("When a majority of the Supreme Court agrees only on the outcome of a case and not on the grounds for that outcome, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'") (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)). But regardless of whether Justice Breyer's opinion or Justice Gorsuch's opinion is considered, nothing in *Haymond* entitles Akande to habeas relief.

The fundamental flaw in Akande's argument is that *Haymond* does not concern how supervised release may be *imposed*, but how it may be *revoked*. The imposition of supervised release in Akande's case followed from his conviction. Although he waived his right to a jury trial by pleading guilty, Akande unquestionably had the right to insist that the government prove its case beyond a reasonable doubt to a jury of Akande's peers. The trial court could not have imposed the supervised-release term merely on its own finding, by a preponderance of the evidence, that Akande had committed the offenses of conviction. Instead, Akande admitted his guilt, and the trial court imposed a sentence—including a supervised-release term—that fell within the bounds set by federal law. This process was entirely consistent with Akande's constitutional rights.

4

What Akande actually is challenging through this habeas petition is the hypothetical question of whether any revocation of his supervised release in the future would be consistent with *Haymond*. But the "irreducible constitutional minimum of standing" requires that a litigant's complained-of injury "be likely, as opposed to merely speculative." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Frost v. Sioux City*, 920 F.3d 1158, 1161 (8th Cir. 2019). Akande's assertion that any revocation of his supervised release will violate his constitutional rights as described in *Haymond* is speculative. He may never violate the conditions of his release, and even if he were to do so, his term of supervised release might not be revoked, and even if it were, the resulting sentence might be imposed in a manner consistent with *Haymond*. All of these questions are unanswerable right now. The Court must recommend that the petition be dismissed without prejudice for lack of jurisdiction and that Akande's IFP application be denied.

The Court would reach the same recommendation for a different reason. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Though Akande is currently in custody as a result of his prior convictions, the Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). As explained above, Akande is trying to challenge a potential revocation of his supervised release—that is, he is challenging a hypothetical future term of

5

imprisonment that might never be imposed and for which he is not in custody today. "If a petitioner was not 'in' the relevant 'custody' at the time of filing, then his petition must be dismissed for lack of jurisdiction." *Munt v. Miles*, No. 18-CV-0017 (JRT/FLN), 2018 WL 2271028, at *2 (D. Minn. May 17, 2018) (citing *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam)). Because a federal prisoner cannot, through a petition for a writ of habeas corpus, anticipatorily test the validity of proceedings that have not occurred, this Court lacks jurisdiction over the Petition. For this reason as well, the Court recommends the petition be dismissed without prejudice.

Finally, even if the Court were to consider the merits of the petition, nothing in *Haymond* entitles Akande to relief. To begin, there is no reason to believe that Akande will ever be subject to § 3583(k). He does not contend, for example, that he is required to register under SORNA. As a result, none of the factors identified by Justice Breyer as requiring § 3583(k)'s invalidation will necessarily be present if Akande is found, at some point in the future, to have violated his supervised release. To this extent, *Haymond* is irrelevant to Akande.

Akande would also not be entitled to relief even if the Court were to apply Justice Gorsuch's broader opinion, which would invalidate any mandatory minimum sentence "triggered by judge-found facts," to Akande's petition. *Haymond*, 139 S. Ct. at 2384. Nothing about that opinion suggests—as Akande claims—that those justices would find that the imposition of *any* term of imprisonment upon revocation of supervised release to be *per se* unconstitutional. Justice Gorsuch reached a much more limited conclusion. *See Haymond*, 139 S. Ct. at 2380. This is a far cry from Akande's argument, which, if adopted,

6

would essentially forbid the revocation of supervised release and the imposition of a new term of imprisonment in any circumstance, regardless of the procedures implemented. Thus, even if Akande had standing to bring this petition, the Court would still recommend that it be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**: The petition for a writ of habeas corpus of petitioner Lateef Akande, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** and Akande's application to proceed *in forma pauperis*, ECF No. 2, be **DENIED**.

Date: September 4, 2019                           *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Akande v. Warden Fikes*
                                                  Case No. 19-cv-1821 (NEB/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).